USCA1 Opinion

 

 March 14, 1995 NOT FOR PUBLICATION NOT FOR PUBLICATION ___________________ UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 94-2054 GILBERT DIAS, Plaintiff, Appellant, v. GEORGE A. VOSE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Gibson,* Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ John J. O'Connor with whom Allen N. David and Peabody & Arnold ________________ _______________ _________________ were on brief for appellant. Thomas M. Elcock with whom Morrison, Mahoney & Miller was on _________________ ____________________________ brief for appellees Phin Cohen, M.D. and Ronald Goldberg, M.D. Herbert C. Hanson, Senior Litigation Attorney, Massachusetts ___________________ Department of Correction, with whom Nancy A. White, Special Assistant _______________ Attorney General, was on brief for appellees Clair Wilson and Evelyn Alborghetti. ____________________ ____________________ ____________________ *Of the Eighth Circuit, sitting by designation. Per Curiam. Gilbert Dias, a prisoner in Massachusetts' __________ custody, brought this section 1983 action against two doctors and two nurses for an alleged Eighth Amendment violation in their provision to him of medical treatment. The main episode involves delays in referring him to a hospital where an appendectomy was performed, successfully but too late to avoid painful complications that were eventually overcome. The district court granted summary judgment in favor of the defendants, and Dias appeals. Although the appeal is not frivolous, we think (reviewing the matter de novo) that the _______ district court was correct. The facts are set forth in some detail in the district court's 14-page opinion and need not be repeated. The constitutional standard of misconduct in such a case-- "deliberate indifference" to the prisoner's needs rather than mere negligence--is settled. Estelle v. Gamble, 429 U.S. 97 _______ ______ (1976). The only issue is the application of the standard to a particular set of facts. The question is whether a reasonable jury could find such deliberate indifference. As the district court said, the choice between trial and summary judgment is often a matter of degree. We need add only a few words to the district court's discussion of the facts. The nurses were the first ones to encounter Dias on the occasion of his appendicitis attack on October 1, 1989. At different times, both nurses provided treatment to Dias for -2- -2- the pain in his side that he reported. While he says that his symptoms should have alerted them to the nature and severity of his affliction, there is no indication that he provided them with the full list of symptoms (nausea, vomiting) that he has described on the appeal. If there was any fault in their treatment of him, it was at most garden variety negligence--and may well not have been negligence at all. The next to see Dias, at about 10:30 p.m., was Dr. Goldberg. He correctly diagnosed appendicitis, recommended immediate surgery, and contacted Dr. Cohen, who was the primary physician. There is no evidence that Dr. Goldberg was responsible for the wait of several hours that Dias suffered before Dr. Goldberg examined him. Dias also asserts that Dr. Goldberg had continuing responsibility and therefore shares in the blame for what Dr. Cohen did next. This theory is thin but need not be pursued because Dr. Cohen is himself not liable. It is undisputed that Dr. Cohen had Dias sent that same evening to Lemuel Shattuck Hospital where he arrived shortly after midnight; surgery was performed early in the afternoon of October 2. It is possible--the matter is difficult to resolve on this record--that the hospital should have operated more quickly. But once Dias had been sent to the hospital, he was in its immediate care and not in Dr. -3- -3- Cohen's. Dias' argument, therefore, is that Dr. Cohen's deliberate indifference was in failing to send Dias to a hospital with an "emergency staff" closer to the prison where surgery might more easily have been performed at once. But appendectomies are not performed in emergency rooms. If immediate surgery were indicated, presumably Lemuel Shattuck would have provided for it or (at worst) arranged for it to occur elsewhere; at least Dias provides no reason why Dr. Cohen should have thought otherwise. Of course, the hospital may have erred, perhaps grievously, but that does not make Dr. Cohen liable, let alone guilty of deliberate indifference. Thus, there was nothing to submit to the jury. Affirmed.  _________ -4- -4-